UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THERESA DUNHAM | : | CASE NO. |
| 16561 Delmont Avenue | : | |
| Strongsville, OH 44136 | : | JUDGE: |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BRUCE RUTHSATZ | : | |
| 609 Madison Street | : | |
| Port Clinton, OH 43452 | : | |
| | : | |
| and | : | |
| | : | |
| PUT-IN-BAY CHARTER FISHING, LLC | : | **COMPLAINT** |
| c/o Statutory Agent, Bruce Ruthsatz | : | |
| PO Box 598 | : | |
| Put In Bay, OH 43456 | : | |
| | : | |
| Defendants. | : | |

Now comes Plaintiff, by and through counsel, and for her Complaint against Defendants, alleges and states as follows:

### I. SUBJECT MATTER JURISDICTION

1. This Court possesses subject matter jurisdiction over this action on the basis of Admiralty and Maritime Laws of the United States pursuant to Title 28 U.S.C. §1333 as the accident which forms the basis of this lawsuit occurred on Lake Erie, a navigable body of water and had the potential of adversely affecting

maritime commerce. This action is deemed to be an "admiralty and maritime claim" within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for purposes of Federal Rules 14(c) 38(e), 82 and/or the Supplemental Rules for Certain Admiralty and Maritime Claims.

## II. PERSONAL JURISDICTION

2. This Court possesses *in personam* jurisdiction of the basis that the Defendants reside within the territorial boundaries of this forum and were the owners of the watercraft involved in the incident which forms the subject matter of this Complaint.

## III. VENUE

3. Venue is proper in this matter pursuant to 28 U.S.C. §1391(b)(1) since Defendants reside within the territorial boundaries of this Court.

## IV. PARTIES

4. Defendant, Bruce Ruthsatz, is an was at all times herein relevant a citizen and resident of the State of Ohio with an address of 609 Madison Street, Port Clinton, OH 43452.

5. Defendant, Put In Bay Charter Fishing, LLC is and was at all times herein relevant a limited liability corporation for profit duly organized under the laws of the State of Ohio whose primary place of business was Put In Bay, Ohio.

6. At all times herein relevant, Defendants are and were the registered owners of the vessel, I-Lander, which was involved in the incident and casualty that forms the basis of this cause of action. Said vessel, which is and was at all times

herein relevant, owned and operated by Defendants, is registered in the State of Ohio as 1229686 (registration number), with Hull Identification Number AXA35031K203 (hereinafter "I-Lander").

7. Plaintiff is and was at all times herein relevant, a citizen and resident of the State of Ohio with an address of 16561 Delmont Avenue, Strongsville, OH 44136.

## V. FACTS

8. Plaintiff restates and realleges each and every allegation made and contained in the foregoing Paragraphs as if fully rewritten herein and further states:

9. On or about August 8, 2018, Defendants were the registered owners of the vessel I-Lander.

10. On or about August 8, 2018, Defendants did negligently operate and maintain the vessel I-Lander in a hazardous condition.  Defendants allowed the vessel I-Lander's decks and surfaces to be unreasonably slippery, wet and present a latent danger at the time Plaintiff was granted permission to come aboard said vessel.

11. At all times herein relevant, on or about August 8, 2018, Defendants did knowingly and/or willingly allow Plaintiff to come aboard said vessel when Defendants knew, or should have known, of the dangerous state of I-Lander's decks being unreasonably slippery, having been recently washed and without adequate non-slip mats, material, or non-slip surfaces applied to said decking to prevent the unreasonable and dangerous slippery condition.

12. On or about August 8, 2018, Defendants did negligently allow the existence of the unsafe and/or unreasonably slippery deck surfaces to exist. Knowing said condition is difficult, if not impossible, to discern to a reasonable passenger and/or guest on the vessel I-Lander.

13. Defendants violated certain Maritime Rules, Regulations and Statutes in the State of Ohio and Federal Law. Said statutory and/or regulatory violations directly and proximately caused Plaintiff's injuries and damages.

14. As a direct and proximate consequence or cause of the negligence of the Defendants, Plaintiff suffered personal injuries, including but not limited to:

    a. Full thickness tear of the gluteus medius and gluteus minimus tendons in her right hip; and,

    b. A split tear of the biceps tendon and superior labral tearing of the rotator cuff in her right shoulder.

15. As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries that caused pain, suffering and disability, and will continue to cause pain, suffering and disability into the indefinite future and permanently.

16. As a direct and proximate result of Defendants' negligence, Plaintiff required medial and/or surgical care and treatment and she will require further such treatment and therapy into the indefinite future.

17. As a direct and proximate result of Defendants' negligence, Plaintiff was caused to suffer consequential and economic damages, which include, but are not limited to, medical, surgical and therapy expenses, lost wages, loss of earning

capacity. Plaintiff has also lost her ability to enjoy the normal activities of life and will continue to suffer such losses into the indefinite future and permanently.

18. On or about August 8, 2018, the incident which directly and proximately caused Plaintiff's injuries and damages arose on a navigable body of water of the United States, to wit: Lake Erie, adjacent to South Bass Island, Put In Bay, Ohio. Since the accident occurred on the navigable waters of the United States, maritime jurisdiction applies and therefore the statute of limitations is three years pursuant to 46 U.S.C. §763a.

19. At all times herein relevant, Defendants, jointly and/or severally, possessed privity and knowledge of the afore-referenced events, which directly and/or proximately caused the injuries alleged herein.

## VI. CAUSES OF ACTION

20. Plaintiff restates and realleges each and every allegation made and contained in the foregoing Paragraphs as if fully rewritten herein and further states:

21. At all times herein relevant, Defendants did knowingly and negligently create a latent and/or hidden danger regarding the condition of the decks and other surfaces of the vessel I-Lander.

22. Defendants knowingly and negligently allowed the decks of I-Lander to be unsafe, unfit, and dangerous for other passengers, including the Plaintiff herein, to come aboard when the surfaces and decks were made to be unreasonably slippery and/or maintained without adequate non-slip mats or other available material to allow safe passage in and about the vessel.

23. On or about August 8, 2018, Plaintiff was granted permission to board I-Lander by Defendants and as she boarded and moved from the stern towards the cabin, forward on the vessel, she slipped and fell near the forward hatch or cabin of I-Lander, violently colliding her left knee into the hatch door and causing injuries to her left knee, right hip and right shoulder.

24. At all times herein relevant, Defendants failed to place any non-slip surface to the decking of I-Lander and also had recently created a latent and hidden danger by washing the decks and failing to inform Plaintiff of their extremely dangerous and slippery condition.

25. At all times herein relevant, Defendants had a duty to Plaintiff to provide reasonably safe access and reasonably safe decking aboard I-Lander. Defendants also violated their duty and responsibility to warn Plaintiff of any unreasonable and/or latent hidden dangers, such as the slippery deck which Plaintiff encountered.

26. At all times herein relevant, Defendants knew or with the exercise of reasonable care should have known, that the decking and condition of the passenger surfaces aboard I-Lander were not safe for the Plaintiff and created an unreasonable risk of harm to the Plaintiff.

27. Defendants breached the aforementioned duties by failing to warn the Plaintiff and by failing to protect the Plaintiff from the unreasonable and unsafe latent condition of I-Lander. Defendants further breached their duty by failing to maintain the decks of I-Lander in a reasonably safe, non-slippery condition.

28. As a direct and proximate result of Defendants' negligence, Plaintiff incurred the injuries and damages, of an economic and non-economic nature, as outlined in the previous Paragraphs.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, jointly and/or severally, for compensatory damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs, together with reasonable attorney fees, costs of the within action, pre and post judgment interest accruing at the statutory rate, and such other and further relief to which Plaintiff may be entitled to at law, equity or in admiralty.

Respectfully submitted,

_____/s/ Henry W. Chamberlain_____
HENRY W. CHAMBERLAIN, ESQ. #0046682
**CHAMBERLAIN LAW FIRM CO., L.P.A.**
36368 Detroit Road
Suite A
Avon, OH 44011
Office:	440-695-0150
Fax:	440-695-0154
Email:  hank@chamberlain-law.com
*Counsel for Plaintiff*

And

_____/s/ Christopher Kuebler_____
Christopher Kuebler (0004650)
32565 Lake Road
Avon Lake, OH 44012
Telephone:   586-216-4505
Email:  kameleone@aol.com
*Admiralty/Maritime Co-Counsel*